# United States District Court
## for
## Middle District of Alabama

### Petition for Warrant/Summons and Report for Defendant Under Pretrial Release Supervision

Name of Defendant: JAMES ALLAN GIBSON                      Case Number: 1:07cr60-WKW

Name of Releasing Judicial Officer: The Honorable Susan Russ Walker, U.S. Magistrate Judge

Date of Release: April 13, 2007

Original Offense: Possession of a Firearm by a Convicted Felon

Type of Release: $25,000 Unsecured Appearance Bond

Conditions of Release: Report to pretrial services as directed; Maintain or actively seek employment; Electronic Monitoring; No firearms; Drug testing and/or treatment; Report any law enforcement contact, Follow instructions of USPO, Refrain from possession of any drug paraphernalia, No new debt

Assistant U.S. Attorney: Christopher A. Snyder                      Defense Attorney: Michael Peterson

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the defendant has violated the following condition(s) of release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| Viol. 1: "The defendant shall refrain from any unlawful use of a controlled substance" | On February 5, 2008, Gibson reported to the U.S. Probation Office in Dothan as directed. Gibson submitted a urine specimen which produced positive results for cocaine. Gibson was confronted with the results of the hand-held test, and he denied any illegal drug use. According to U.S. Probation Officers Bob Pitcher and Buddy Johns, Gibson became extremely belligerent and had to be instructed to leave the office. Confirmation from Kroll Laboratories, Inc., of the presence of cocaine in the urine specimen was received on February 8, 2008. |
| Viol. 2: Condition 7(w) "Follow all instructions of the probation officer" | The probation officer instructed Gibson to refrain from illegal drug use during the post-release intake interview. Gibson was also instructed to refrain from associating with individuals engaged in criminal activity. He has failed to follow both these instructions. |
| Viol. 3 - (7)(t): "The defendant shall participate in the home confinement program & abide by all the requirements of the program, which will include electronic monitoring..." | As a condition of his bond, the court ordered Gibson be restricted to his residence at all times except for medical needs, religious services, court appearances, and employment as approved by the probation officer. On February 5, 2008, Gibson admitted to leaving his residence without permission to pursue his own drug test results from an outside source. The report provided by Gibson from the outside source indicated that the urine sample submitted by Gibson was diluted. |

<u>Supervision history of defendant and actions taken by officer:</u>  Gibson has performed unsatisfactorily while on pretrial release/EM. His previous cocaine use while on pretrial supervision resulted in a modification ordered by the Court, directing that he participate in the Fellowship House residential treatment program. He was terminated from the program on October 16, 2007, after completing 79 days, for failing to provide a urine sample for drug testing as directed. Gibson was then placed back on the electronic monitoring program.

U.S. Probation Officer Recommendation:

[X]  The term of supervision should be:
[X]  revoked.
[ ]  No action.
[ ]  The conditions of supervision should be modified as follows:


Respectfully submitted,

by  /s/ Willie Bernard Ross, Jr.

Willie Bernard Ross, Jr.
Senior U.S. Probation Officer
Date: February 12, 2008

Reviewed and approved:  /s/ Sandra G. Wood
Supervisory U.S. Probation Officer

---

THE COURT ORDERS:

[ ]  No Action
[✓]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

2/14/08
Date