IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07CR60-MEF |
| | ) | |
| JAMES ALLAN GIBSON | ) | |

## UNITED STATES' MOTION IN LIMINE–CROSS-EXAMINATION OF DEFENDANT–RULE 608(b)

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby moves in limine as follows.

I.  **STATEMENT OF FACTS**

On January 23, 2007, Harvey Mathis, an officer with the Wiregrass Violent Crime-Drug Task Force, swore out an affidavit before Judge W. Stanley Garner, Jr. of the District Court of Dale County, Alabama, in support of an application for a search warrant of the residence of the defendant, James Allan Gibson. In the affidavit, Mathis swore that the following pertinent facts were true:

> A.W. Herndon Oil received three different checks from Mr. Gibson. Each of the checks was later reported stolen from three separate people at different addresses. The cashier identified James Gibson as the person cashing these checks. A photo taken from an in-store surveilance camera at A.W. Herndon Oil of the person cashing one of the stolen checks was shown to the Pinkard Police Chief. He confirmed the suspect was James Allan Gibson. ...

Based on this affidavit, Judge Garner signed a search warrant authorizing law enforcement to search Gibson's residence for evidence of stolen or forged checks. During the course of this search police found the firearm and ammunition that are charged in the indictment in this case.

On January 23, 2007, three warrants were issued by the District Court of Dale County, Alabama, for Gibson's arrest based on these three incidents of passing forged checks. R.W. Stripling of the Daleville Police Department signed each warrant as the Complainant under oath. Each warrant charged Gibson with possessing or uttering with intent to defraud forged checks from three different bank accounts to A.W. Herndon Oil on three different occasions. Gibson has not been convicted on any of these charges.

For the reasons set forth below, based on these facts, in the event Gibson testifies at trial, the Government should be permitted to cross-examine Gibson concerning his uttering of forged and stolen checks as probative of the defendant's character for untruthfulness, pursuant to Fed. R. Evid. 608(b).

## II.    ARGUMENT

The Government's request to cross-examine Gibson regarding his uttering of forged checks is governed by Fed. R. Evid. 608(b), which provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness . . . .

Cross-examining Gibson regarding forgery of checks is relevant to his character for truthfulness as a witness at trial. A defendant who testifies at trial places his credibility at issue, just like any other witness. *United States v. Lollar*, 606 F.2d 587, 588 (5th Cir. 1979). "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1463 (11th Cir. 1994). *accord United States v. Novaton*, 271 F.3d 968, 1006 (11th Cir. 2001).

Because the defendant's credibility would be at issue if he testified and acts such as forgery and fraud are probative of truthfulness, the cross-examination proposed by the government is permissible pursuant to Rule 608(b).

The sworn affidavit of Harvey Mathis and the sworn complaints by R.W. Stripling provide the government with a good faith basis to believe the conduct occurred and to inquire about it on cross-examination.. *See United States v. Ndiaye*, 434 F.3d 1270, 1290 (11th Cir. 2006) ("The Government must have a good faith basis for the instances of conduct inquired about . . . .").

Finally, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. "'Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.' The balance under the Rule, therefore, should be struck in favor of admissibility." *U.S. v. Norton* 867 F.2d 1354, 1361 (11th Cir. 1989) (citations omitted) Although cross-examination into acts of uttering forged checks may be prejudicial, the test under Rule 403 is not simply whether the evidence is prejudicial. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). Instead the test is whether the probative value is "substantially outweighed by the danger of unfair prejudice." *Id*.; Fed.R.Evid. 403. In this case, if Gibson were to testify, his credibility would be of crucial importance to a charge of possession of a firearm and ammunition. There is great probative value in testing his credibility through cross-examination into acts regarding his truthfulness. Any prejudice is not unfair but simply the result of a meaningful inquiry into his credibility, as is permitted of any witness. Therefore the proposed cross-examination should be permitted.

-4-

**CONCLUSION**

For the reasons set forth above, the United States requests that the Court grant its Motion in Limine to permit the cross-examination of the defendant regarding prior instances of uttering forged checks pursuant to Rule 608(b).

Respectfully submitted this the 10th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07CR60-MEF |
| | ) | |
| JAMES ALLAN GIBSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman, Esq.

Respectfully submitted,

/s/Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
matthew.shepherd@usdoj.gov