### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:07-CR-60-WKW |
| ) | |
| JAMES ALLAN GIBSON ) | |

### RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

**NOW COMES** the Defendant, James Allan Gibson, by and through undersigned counsel and states the following, in response to the Government's Motion in Limine (Doc. 75).

1.  On January 23, 2007, officers executed a search warrant for Mr. Gibson's residence for the search of evidence concerning stolen and/or forged checks. In the course of the search for forged instruments, police officers discovered a firearm and various types of ammunition. At the time these items were found, Mr. Gibson had been previously convicted of a felony. On information and belief, the officers did not seize any item arguably related to the search for evidence of stolen or forged checks.

2.  Mr. Gibson was subsequently charged with three counts of possession of a forged instrument in Dale County Circuit Court. On April 10, 2007, he pled not guilty to those charges. On information and belief, these charges are still pending in state court.

3.  The government now seeks to be permitted to cross-examine Mr. Gibson concerning the allegations underlying these pending state charges, in the event Mr. Gibson testifies at his trial. (Doc. #75). The defendant requests that the government be prohibited

from such cross-examination.

4. "Generally, evidence of other crimes committed outside of those charged is not admissible. However, other crimes evidence may be admissible if it is inextricably intertwined with the evidence regarding the charged offense." *United States v. Fallen*, 256 F.3d 1082, 1090-91 (11th Cir. 2001), citing *United States v. Fortenberry*, 971 F.2d 717, 721, citing F.R.E. 404. The alleged conduct underlying Mr. Gibson's state charges is not connected in any way to the instant Indictment.

5. "Although Rule 608 provides a district court with discretion to admit such evidence, 'Rule 403 circumscribes the court's discretion by requiring the court to weigh the probative value of the evidence against the danger of unfair prejudice from it.'" *United States v. Novaton,* 271 F.3d 968, 1005 (11th Cir. 2001)(citing *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir.1994)). Rule 403 of the Federal Rules of Evidence provides in pertinent part that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." The term "unfair prejudice" relates to the tendency of the disputed matter to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged . . . 'Unfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519, U.S. 172 (1997).

6.   In support of its desire to cross-examine Mr. Gibson on his state charges, the government argues that the allegations relating to Mr. Gibson's state charges are probative of his character for untruthfulness pursuant to Fed. R. Evid. 608(b) and *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 146 (11th Cir.1994). (Doc. #75, p. 2). However, in *Ad-Vantage*, the Eleventh Circuit makes clear that acts for which no sanction has been imposed, or which are remote in time, may not be admissible:

> [In *Ad-Vantage*, the Eleventh Circuit] . . . held that cross-examination concerning two investigations by the Florida Bar Association and Florida Institute of Certified Public Accountants into the witness' possible ethical violations, which had not resulted in sanction, were inadmissible under Rules 608(b) and 403. In reaching that conclusion, [it was] noted that the types of "[a]cts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage*, 37 F.3d at 1464. On the other hand, "[t]o infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'" *Id*. (citation omitted). [The Eleventh Circuit] also reasoned that the fact no sanction had been imposed for the allegedly unethical conduct and the temporal remoteness of the investigations made the relevance of the information questionable. *Id*. Moreover, [the Eleventh Circuit] held in Ad-Vantage that even if the cross-examination concerning the investigations of the ethical complaints was marginally relevant, it still should be excluded under Rule 403 because "[i]n these circumstances, when the allegations of wrongdoing were grave but no sanctions resulted, the danger was great that the jury would infer more from the investigation than was fairly inferable." Id.

*Novaton,* 271 F.3d at 1006.

7.   As noted, while Mr. Gibson has been charged with counts of possession of a forged instrument, he has not been found guilty of such offenses. Furthermore, the state offenses are neither similar to nor related to the charge pending in this case. Thus, even if cross-examination of Mr. Gibson concerning the state offenses may be marginally relevant

as it relates to Mr. Gibson's truthfulness, it still should be excluded under Rule 403 because where there are "allegations of wrongdoing [that may be] grave but no sanctions [have] resulted, the danger [is] great that the jury would infer more from the investigation than was fairly inferable." *Id.*

8.     Questions concerning the pending state charges should be excluded not only because this line of inquiry is highly prejudicial to Mr. Gibson, but because a reasonable juror could potentially confuse the issues.

9.     Further any testimony that Mr. Gibson could potentially offer regarding his pending state charges could potentially elicit potentially inculpatory matters. Thus, Mr. Gibson will likely invoke his right to silence pursuant to the Fifth Amendment of the Constitution when questioned about his state charges.

10.    In the Eleventh Circuit, it is well settled that "it is impermissibly prejudicial for the government to attempt to influence the jury by calling a witness it knows will invoke the Fifth Amendment." *United States v. Elliot*, 849 F.2d 554, 559 (11th Cir. 1988). The government admits in its motion in limine that Mr. Gibson has been charged with alleged forgery, but "has not been convicted on any of these charges." (Doc. #75, p. 2). Therefore, to allow cross-examination on the pending charges where Mr. Gibson is likely to invoke his Fifth Amendment right to silence would be highly prejudicial to Mr. Gibson, and it should be excluded pursuant to Fed. R. Evid. 403.

11.    "'Prejudice' relates to the likelihood of inciting the jury to an irrational

decision based on an improper basis, such as the character and past conduct of the accused, rather than on evidence presented on the crime charged." *United States v. Saintil*, 753 F. 2d 984, 987 n. 7 (11th Cir. 1985) (citing *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. Unit B 1981); *United States v. Astling*, 733 F.2d 1446, 1457 (11th Cir.1984) and Fed. R. Evid. 403 advisory committee note.) Cross-examination on Mr. Gibson's pending state criminal charges will create a substantial likelihood of prejudice to Mr. Gibson that is not overcome by the marginal probative value this evidence may have.

**WHEREFORE**, the Defendant respectfully requests that the Government's Motion in Limine be denied and asks that the Government be prohibited from this line of cross-examination.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for James Gibson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew Shepherd, Assistant United States Attorney, 131 Clayton Street, Montgomery, AL 36101.

                                          **s/Christine A. Freeman**
                                          **CHRISTINE A. FREEMAN**
                                          **TN BAR NO.: 11892**
                                          Attorney for James Gibson
                                          Federal Defenders
                                          Middle District of Alabama
                                          201 Monroe Street, Suite 407
                                          Montgomery, AL 36104
                                          TEL:  (334) 834-2099
                                          FAX:  (334) 834-0353
                                          E-Mail: Christine_Freeman@fd.org