IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 1:07-CR-60-MEF** |
| | ) | |
| **JAMES ALLAN GIBSON** | ) | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
AND/OR FOR VARIANCE**

**COMES NOW** the Defendant, **JAMES ALLEN GIBSON**, by undersigned counsel, and respectfully requests that this Court impose a sentence of probation in this matter, based on a downward departure in the offense level and/or a variance from the United States Sentencing Guidelines.

In support of this Motion, Defendant would show the following:

1. This offense is based on relatively unique circumstances, which are outside the heartland of cases generally addressed by these Guidelines. These unique circumstances include the fact that the possession of a firearm involved a forty-year old, virtually non-functioning firearm, brought into the house by Mr. Gibson's minor son.

2. The sole basis for the 20 offense level and the prohibition of application of U.S.S.G. § 2K21.(b)(2) [reduction of the offense level to 6, based on sporting purposes of the firearm] is Mr. Gibson's old, prior conviction for assault, arising out of a fight between Mr. Gibson and his brother.

3. Mr. Gibson's brother will testify to the unique circumstances of the assault conviction and to his belief that it was aberrant behavior by Mr. Gibson, to which he himself

contributed. These unique circumstances present a situation outside the heartland of cases usually addressed by an offense level of 20, justifying a downward departure in the offense level.

4. But for the nature of the offense between Mr. Gibson and his brother, Mr. Gibson would qualify for an offense level of 6 points, under U.S.S.G. § 2K2.1(b)(2), and, due also to his criminal history category of I, would be eligible for probation even under the Guidelines.

5. Moreover, all of the circumstances of this case, including Mr. Gibson's substantial pain problems resulting from his back, knee and shoulder injuries; the age and nature of his prior convictions and his low criminal history level of I; and his strong family support; make a variance from the Guidelines a reasonable sentence in this case, under the standards of 18 U.S.C. § 35553(a).

>                                   Respectfully submitted,
>
>                                   s/Christine A. Freeman
>                                   **CHRISTINE A. FREEMAN**
>                                   **TN BAR NO.: 11892**
>                                   Attorney for James Gibson
>                                   Federal Defenders
>                                   Middle District of Alabama
>                                   201 Monroe Street, Suite 407
>                                   Montgomery, AL 36104
>                                   TEL: (334) 834-2099
>                                   FAX: (334) 834-0353
>                                   E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew Shepherd, Assistant United States Attorney, 131 Clayton Street, Montgomery, AL 36104.

          **s/Christine A. Freeman**
          **CHRISTINE A. FREEMAN**
          **TN BAR NO.: 11892**
          Attorney for James Gibson
          Federal Defenders
          Middle District of Alabama
          201 Monroe Street, Suite 407
          Montgomery, AL 36104
          TEL: (334) 834-2099
          FAX: (334) 834-0353
          E-Mail: Christine_Freeman@fd.org