IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 01:07-cr-60-MEF |
| | ) | |
| JAMES ALLAN GIBSON | ) | |

RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD
DEPARTURE AND/OR FOR VARIANCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby submits this response in opposition to the Defendant's Motion for Downward Departure and/or for Variance. The United States requests a sentence within the calculated sentencing guidelines range. In support, the United States submits the following:

1. The Defendant argues for a downward departure and/or variance because he claims the offense in this case exhibits unique circumstances that place the case outside the heartland of cases covered by the sentencing guidelines. The defendant does not dispute the calculation of his offense level as 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because he was a prohibited person who was previously convicted of a felony crime of violence. However, he argues that the offense level of 20 overstates the Defendant's conduct in this case because of the circumstances of that prior felony crime of violence and because only that conviction prevents him from qualifying for a reduced offense level of 6 pursuant to the lawful sporting purposes clause contained at U.S.S.G. § 2K2.1(b)(2).

2. A conviction for Assault 2nd Degree, a form of aggravated assault under Alabama's criminal code,[1] is a crime of violence as defined at U.S.S.G. § 4B1.2(a), Application Note 1, which lists aggravated assault as a crime of violence. The reason for an enhanced offense level for prohibited persons who possess a firearm after having been convicted of felony crimes of violence is that a person who has shown a capacity for violence poses a greater danger when in possession of a firearm than a person who has not shown a capacity for violence. Regardless of whether the conviction arose out of a fight with his brother or not, the Defendant was convicted of Assault 2nd Degree due to his own behavior, which was violent. The circumstances described by the Defendant in his motion do not mitigate that offense to such an extent that the offense level is unreasonably high or make that conviction unique. Indeed, the fact that a fight with his brother resulted in a felony assault conviction shows just how serious that incident really was and that the Defendant has the capacity to engage in violence.

3. The Defendant also claims that he would have qualified for an offense level of 6 pursuant to U.S.S.G. § 2K2.1(b)(2) if not for his conviction for Assault 2nd Degree. Again, the reduction to an offense level of 6 is not available for a person convicted of a felony crime of violence because of the increased danger posed by a person who possesses a firearm and has a history of violence. Just as the circumstances of the Defendant's Assault 2nd Degree conviction are not so unique as to make the increased offense level of 20 unreasonable, so is the ineligibility for a reduction to 6 also not unreasonable.

4. Further, the Defendant would not qualify for the lawful sporting purposes reduction even if he had not been convicted of a felony crime of violence. The burden of proving that a

---

[1] Ala. Code 1975, § 13A-6-21.

firearm and ammunition were used solely for lawful sporting purposes is on the Defendant. United States v. Caldwell, 431 F.3d 795, 799 (11th Cir. 2005). The Defendant's argument at trial was that he did not have knowledge of the firearm in his closet or the ammunition in his bedroom. It would be inconsistent for him now to argue that he used the firearm and ammunition solely for lawful sporting purposes.

     5. The Defendant's claim is likely that the firearm, a pistol in this case, was used by his son solely for lawful sporting purposes. It is unclear in the Eleventh Circuit if the lawful sporting purposes exception may be applied when a defendant possesses a firearm that is solely used by another person for lawful sporting purposes. See Caldwell, 431 F.3d at 800 ("By this holding, we do not address whether another person's possession for sporting purposes may be imputed on another."); but see United States v. Mojica, 214 F.3d 1169, 1171 (10th Cir. 2000) (U.S.S.G. § 2K2.1(b)(2) not limited to just the defendant's own use of firearm solely for lawful sporting purposes); United States v. Moit, 100 F.3d 605, 605-06 (8th Cir. 1996) (holding that reduction could apply to situations where defendant held gun collection for another's collection or sporting purposes); United States v. Leleaux, 240 Fed.Appx. 666 (5th Cir. 2007). But even if the exception could apply to the use of the firearm by his son, the Defendant is still unable to meet his burden in this case because such use by his son would not be lawful, as required by U.S.S.G. § 2K2.1(b)(2). The defendant's son is a minor under 18 years of age and his possession and carrying of a pistol is unlawful under state and federal law.

     6. 18 U.S.C. § 922(x)(2)(A) prohibits knowing possession of a handgun by a juvenile. The statute further provides for certain exceptions in which a juvenile may temporarily possess a handgun, but only "with the prior written consent of the juvenile's parent or guardian who is not

prohibited by Federal, State, or local law from possessing a firearm." 18 U.S.C. § 922(x)(3)(A)(ii). Further, the juvenile must keep the written consent with him at all times when he possesses the handgun, 18 U.S.C. § 922(x)(3)(A)(iii), and must follow state and local law. 18 U.S.C. § 922(x)(3)(A)(iv). Because the Defendant is a convicted felon prohibited from possessing a firearm, he could not give the required consent for his minor son to possess a handgun.

7. Alabama law also prohibits any person from selling, giving, lending, or delivering a pistol to a minor. Ala. Code 1975 § 13A-11-57; Ala. Code 1975 § 13A-11-76. Thus, the Defendant would be prohibited from providing the pistol to his minor son. Also, the Defendant's son could not have lawfully transported the pistol to a shooting range or someone else's property for target shooting.[2] Ala. Code 1975 § 13A-11-73 requires a license to carry a pistol in a vehicle. A minor is ineligible for a pistol permit in Alabama. See E.M. v. State, 675 So.2d 90, 92 n. 2 (Ala.Cr.App. 1995) (noting that prohibition of delivery of pistol to a minor and the requirement that a sheriff may only issue a pistol permit to someone suitable to receive a permit mean that a permit may not be issued to a person under 18).

8. Therefore, under state and federal law, the Defendant's son could not lawfully possess and use the pistol in this case for sporting purposes, which would also make the Defendant ineligible for application of U.S.S.G. § 2K2.1(b)(2), even if he had not been convicted of a crime of violence. As a result, the Defendant's conviction for a felony crime of violence does not result in an increase from an offense level of 6 to 20, and an offense level of 20 is appropriate.

---

[2]The only testimony regarding where the Defendant's son would shoot any firearm was that he would use a range set up on a friend's property. There was no evidence of any target shooting on the Defendant's property.

9. Finally, the specific circumstances of this case do not warrant a variance. Although the firearm was old, the testimony at trial was that the firearm could fire and that if fired at someone it could kill. The age of the firearm does not eliminate its deadliness. There was no evidence that the ammunition was either old or unusable. Although his criminal history category is I, the Defendant's criminal history indicates a pattern of criminal activity throughout his adult life, with felony convictions in 1981, 1993, and 2000, and misdemeanor convictions in 1982 and 2002. The Defendant also has several pending cases from 2006 and 2007. Based on the circumstances of this case and his criminal history, a sentence within the guidelines range will meet the standards of 18 U.S.C. § 3553(a) and is appropriate.

WHEREFORE, for the reasons described above, the United States opposes the defendant's motion and requests that the Defendant be sentenced to a term of imprisonment within the applicable sentencing guidelines range.

Respectfully submitted this 29th day of May, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 01:07-cr-60-MEF |
| | ) | |
| JAMES ALLAN GIBSON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman, Esq., attorney for the defendant James Allan Gibson.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov