IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07cr60-MEF |
| | ) | |
| **JAMES ALLAN GIBSON,** | ) | |
| **a/k/a JIMMY GIBSON** | ) | |

### UNITED STATES OF AMERICA'S MOTION
### FOR A FINAL ORDER OF FORFEITURE

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Final Order of Forfeiture in the above-entitled case and states as follows:

That on March 25, 2008, this Court entered a Preliminary Order of Forfeiture (Doc. #98) ordering defendant James Allan Gibson to forfeit:

> one H & R, .22 caliber revolver, bearing serial number 481025 and .22 caliber ammunition (approximately 385 live rounds).

Following entry of an order of forfeiture in a criminal case, the government must publish notice of the order in a manner consistent with the provisions of Title 21, United States Code, Section 853(n)(1) which gives the Attorney General plenary authority to prescribe the manner of such notice. The Attorney General has determined that the provisions of Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Supplemental Rules") should be the manner of such notice.

```
Rule G. Forfeiture Actions In Rem

(4)   Notice.

      (a)  Notice by Publication.

           (i)  When Publication Is Required. A judgment of
                forfeiture may be entered only if the government
                has published notice of the action within a
                reasonable time after filing the complaint or at a
                time the court orders. But notice need not be
                published if:

                (A)  the defendant property is worth less than
                     $1,000 and direct notice is sent under Rule
                     G(4)(b) to every person the government can
                     reasonably identify as a potential claimant;
                     or

                (B)  the court finds that the cost of publication
                     exceeds the property's value and that other
                     means of notice would satisfy due process.
```

Pursuant to this rule, publication of notice of a criminal order of forfeiture is not required if one of the exceptions in Rule G(4)(a) applies. The Rule provides that no publication is necessary if the property is of *de minimus* value or if the court finds that the cost of publication exceeds the property's value.

The exceptions apply in this case and publication is not required as the property is worth less than $1,000 and the cost of publication exceeds its value. Further, the only known potential claimant to the property is the defendant in this action.

Accordingly, the United States respectfully requests that this Court enter a Final Order of Forfeiture as proposed in the attached Order, without the necessity of notice in accordance with Rule G(4).

Defense counsel does not oppose entry of a Final Order of Forfeiture.

Respectfully submitted this 22nd day of July, 2008.

>LEURA G. CANARY
>UNITED STATES ATTORNEY


>**/s/Tommie Brown Hardwick**
>TOMMIE BROWN HARDWICK
>Assistant United States Attorney
>Bar Number: ASB4152 W86T
>131 Clayton Street
>Montgomery, Alabama 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: tommie.hardwick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>Respectfully submitted,


>**/s/Tommie Brown Hardwick**
>TOMMIE BROWN HARDWICK
>Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CASE NO. 1:07cr60-MEF |
| ) | |
| **JAMES ALLAN GIBSON,** ) | |
| **a/k/a JIMMY GIBSON** ) | |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on March 25, 2008, this Court entered a Preliminary Order of Forfeiture (Doc. #98), forfeiting the following property to the United States:

> one H & R, .22 caliber revolver, bearing serial number 481025 and .22 caliber ammunition (approximately 385 live rounds).

WHEREAS, publication of notice was not required pursuant to Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims as the property is of *de minimus* value and publication would exceed the property's value; and,

WHEREAS, the Court finds that defendant James Allan Gibson has an interest in the firearm that is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c). The United States has established the requisite nexus between such firearm in the commission of the violation of Title 18, United States Code, Section 922(g)(1).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The following firearm is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924 and

Title 28, United States Code, Section 2461(c):

>one H & R, .22 caliber revolver, bearing serial number 481025 and .22 caliber ammunition (approximately 385 live rounds).

2. All right, title and interest to the firearm described above is hereby condemned, forfeited and vested in the United States and shall be disposed of according to law;

3. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and,

4. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office.

SO ORDERED this the ____ day of _____, 2008.


_____
CHIEF, UNITED STATES DISTRICT JUDGE